**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS**

|  |  |  |
|---|---|---|
| **AMY CARROLYN KEATON,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | **CIVIL ACTION** |
| **v.** | ) | |
| | ) | **No. 14-1086-KHV** |
| **CAROLYN W. COLVIN,** | ) | |
| **Acting Commissioner of Social Security,** | ) | |
| | ) | |
| **Defendant.** | ) | |
| _____ | ) | |

**MEMORANDUM AND ORDER**

Amy C. Keaton appeals the final decision of the Commissioner of Social Security to deny

disability insurance benefits and supplemental security income (SSI) under Titles II and XVI of the

Social Security Act, 42 U.S.C. §§ 401-34, 1281-1385.  For reasons set forth below, the Court finds

that the final decision of the Commissioner should be reversed and remanded.

**I.      Procedural Background**

Plaintiff was born on September 21, 1968.  On July 21, 2010, plaintiff applied for disability

insurance benefits and supplemental security income, alleging a period of disability beginning

May 25, 2010.  Plaintiff alleged disability due to fibromyalgia, post-traumatic stress disorder

("PTSD"), sleep apnea, high blood pressure and depression.  Tr. 231.  The agency denied plaintiff's

application initially and upon reconsideration.  On April 27, 2012, following a hearing, an

administrative law judge ("ALJ") found that plaintiff was not disabled as defined in the Social

Security Act.  On January 17, 2014, the Appeals Council denied plaintiff's request for review.  The

ALJ decision thus stands as the final decision of the Commissioner.  Plaintiff appealed to this Court

the final decision of the Commissioner.

## II.     Standard Of Review

The Court reviews the Commissioner's decision to determine whether it is "free from legal error and supported by substantial evidence." Wall v. Astrue, 561 F.3d 1048, 1052 (10th Cir. 2009); see 42 U.S.C. § 405(g). Substantial evidence is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." Wall, 561 F.3d at 1052; Lax v. Astrue, 489 F.3d 1080, 1084 (10th Cir. 2007). It requires "more than a scintilla, but less than a preponderance." Wall, 561 F.3d at 1052; Lax, 489 F.3d at 1084. Whether the Commissioner's decision is supported by substantial evidence is based on the record taken as a whole. Washington v. Shalala, 37 F.3d 1437, 1439 (10th Cir. 1994). Evidence is not substantial if it is "overwhelmed by other evidence in the record or constitutes mere conclusion." Grogan v. Barnhart, 399 F.3d 1257, 1261-62 (10th Cir. 2005). To determine if the decision is supported by substantial evidence, the Court will not reweigh the evidence or retry the case, but will meticulously examine the record as a whole, including anything that may undercut or detract from the Commissioner's findings. Flaherty v. Astrue, 515 F.3d 1067, 1070 (10th Cir. 2007).

## III.     Framework For Analyzing Claim Of Disability

Plaintiff is under a disability if she can establish that she has a physical or mental impairment which prevents her from engaging in any substantial gainful activity, and which is expected to result in death or to last for a continuous period of at least 12 months. Thompson v. Sullivan, 987 F.2d 1482, 1486 (10th Cir. 1993) (citing 42 U.S.C. § 423(d)(1)(A)).

The Commissioner uses a five-step sequential process to evaluate disability. 20 C.F.R. § 404.1520; Wilson v. Astrue, 602 F.3d 1136, 1139 (10th Cir. 2010) (citing Williams v. Bowen, 844 F.2d 748, 750 (10th Cir. 1988)). In the first three steps, the Commissioner determines (1) whether

-2-

claimant has engaged in substantial gainful activity since the alleged onset, (2) whether she has a severe impairment or combination of impairments and (3) whether the severity of any impairment is equivalent to one of the listed impairments that are so severe as to preclude substantial gainful activity. 20 C.F.R. § 404.1520(c), (d); see Williams, 844 F.2d at 750-51. If claimant satisfies steps one, two and three, she will automatically be found disabled. If claimant satisfies steps one and two but not three, the analysis proceeds to step four.

At step four, the ALJ makes specific findings of fact at three phases: (1) the individual's residual functioning capacity ("RFC"), (2) the physical and mental demands of prior jobs or occupations and (3) the ability of the individual to return to the past occupation given his or her RFC. Winfrey v. Chater, 92 F.3d 1017, 1023-25 (10th Cir. 1996). If the claimant satisfies step four, the burden shifts to the Commissioner to establish that the claimant is capable of performing work in the national economy. Jensen v. Barnhart, 436 F.3d 1163, 1168 (10th Cir. 2005); see 20 C.F.R. § 404.1520(a)(5).

## IV.   **ALJ Findings**

Here, the ALJ determined that plaintiff was not engaged in substantial gainful activity and proceeded to the second step. The ALJ concluded that plaintiff's depression, PTSD, degenerative disc disease of the lumbar spine, fibromyalgia, obesity, obstructive sleep apnea and asthma constituted severe impairments. At step three, the ALJ determined that plaintiff's impairments were not listed or medically "equivalent to one of a number of listed impairments that the Commissioner acknowledges are so severe as to preclude substantial gainful activity." Best-Willie v. Colvin, 514 Fed. Appx. 728, 733 (10th Cir. 2013).

At the fourth step, the ALJ determined plaintiff's RFC as follows:

> claimant has the residual functional capacity to lift and carry 20 pounds occasionally and 10 pounds frequently, sit for 6 hours out of an 8 hour workday, and stand or walk for 2 hours out of an 8 hour workday. The claimant can occasionally climb ramps and stairs, but never climb ladders, ropes, or scaffolds. The claimant can frequently balance. She can occasionally stoop, but never kneel, crouch or crawl. The claimant can frequently reach and finger. The claimant should avoid all exposure to extreme cold, extreme heat, excessive vibration and pulmonary irritants. The claimant can perform simple, routine, and repetitive tasks in a work environment free of fast paced production requirements, involving only simple workplace decisions with few, if any, workplace changes. The claimant can have occasionally interaction with the public. She can have only occasional supervision. She can work around co-workers but she can have only occasional interaction with coworkers.

Tr. 22. Based on the testimony of a vocational expert, the ALJ concluded that with those limitations, plaintiff could not perform her past relevant work as a census taker, customer services agent, background investigator or graduate teaching assistant. Tr. 28-29.

At that point, the ALJ properly shifted the burden of proof to defendant to establish that plaintiff retains a sufficient capacity to perform an alternative work activity and that there are sufficient jobs in the national economy for a hypothetical person with the claimant's impairments. Raymond v. Astrue, 621 F.3d 1269, 1274 (10th Cir. 2009). At step five, the ALJ concluded that plaintiff was not disabled, finding that plaintiff could perform certain sedentary unskilled jobs available in significant numbers in the national economy, including document preparer, addresser and cutter-paster. Tr. 29.

## V.    **Analysis**

Plaintiff claims that the ALJ erred in formulating her RFC because she failed to (1) give proper weight to the medical opinions of two treating physicians and two treating mental health counselors and (2) provide an adequate narrative statement to support the RFC. The Court agrees that the ALJ failed to properly weigh the medical opinions.

Evaluation Of Treating Medical Source Opinions

Plaintiff claims that the ALJ gave too little weight to the opinions of treating physicians Dr. Mark Gillett, M.D. and Dr. Scott Nitzel, M.D.[1]  The Commissioner claims that the ALJ properly discounted these opinions as inconsistent with other record evidence.

"Medical opinions are statements from physicians and psychologists or other acceptable medical sources that reflect judgments about the nature and severity of [a claimant's] impairment(s) including [claimant's] symptoms, diagnosis and prognosis."   20 C.F.R. §§ 404.1527(a)(2), 416.927(a)(2).  A physician who treats a patient regularly over some period of time is recognized as a treating source with better insight into a patient's medical condition and with an opinion that is generally entitled to "particular weight" or "controlling weight."  Doyal v. Barnhart, 331 F.3d 758, 762-63 (10th Cir. 2003).  Generally, the opinions of non-treating sources receive more weight than opinions of non-examining sources who have merely reviewed medical records.  Robinson v. Barnhart, 366 F.3d 1078, 1084 (10th Cir. 2004).

If the Commissioner finds that a treating source opinion on the nature and severity of the claimant's impairments is well supported by medically acceptable clinical and laboratory diagnostic techniques and is not inconsistent with other substantial evidence in the record, the Commissioner must give it controlling weight.  See 20 C.F.R. §§ 404.1527(c)(2).  If the opinion is well supported, the ALJ must confirm that the opinion is consistent with other "substantial evidence" in the record.  Watkins v. Barnhart, 350 F.3d 1297, 1300 (10th Cir. 2003).  "If the opinion is deficient in either of

---

[1]     Plaintiff also asserts that the ALJ gave too little weight to the opinions of treating counselors Kimberly Rowlands, LSCSW and Darrell Miller.  Because the Court finds that it must remand for the ALJ to properly address the opinions of treating physicians, it does not reach this issue.

these respects, then it is not entitled to controlling weight." Id.

Where, as here, the ALJ decides not to give controlling weight to a treating physician's opinion, the ALJ must decide what weight to assign it. Newbold v. Colvin, 718 F.3d 1257, 1265 (10th Cir. 2013). Even if an opinion is not entitled to controlling weight, the ALJ must still weigh the opinion in light of the factors set forth at 20 C.F.R. § 404.1527. Id. The ALJ must make clear how much weight she accords the opinon (including whether she rejects it outright), and give good reasons for the weight assigned, in light of the following factors:

> (1) length of treatment relationship and frequency of examination; (2) the nature and extent of the treatment relationship, including the treatment provided and the kind of examination or testing performed; (3) the degree to which the physician's opinion is supported by relevant evidence; (4) consistency between the opinion and the record as a whole; (5) whether the physician is a specialist in the area upon which an opinion is rendered; and (6) other factors brought to the ALJ's attention which tend to support or contradict the opinion.

Krauser v. Astrue, 638 F.3d 1324, 1331 (10th Cir. 2011). Finally, if the ALJ rejects the opinion completely, the ALJ must give "specific, legitimate reasons" for doing so. Miller v. Chater, 99 F.3d 972, 976 (10th Cir. 1996) (quoting Frey v. Bowen, 816 F.2d 508, 513 (10th Cir. 1987)). If the treating physician opinion conflicts with another opinion, the ALJ must examine the other physician's reports to see if they outweigh the treating physician's report, "not the other way around." Reyes v. Bowen, 845 F.2d 242, 245 (10th Cir. 1988).

### Dr. Mark Gillett

Plaintiff asserts that the ALJ did not properly weigh the opinion of Dr. Mark Gillett, who treated plaintiff occasionally from November of 2007 through March of 2011. Dr. Gillett completed a Medical Source Statement on March 18, 2011, and concluded that plaintiff had the following limitations:

> Lift less than ten pounds occasionally; lift less than ten pounds frequently; stand and/or walk less than two hours in an eight-hour workday; sit less than six hours in an eight-hour workday; and push and/or pull limited in the upper extremities due to bilateral arm pain. Occasionally climb; balance; stoop or bend forward at waist; kneel; crouch; crawl; limited in reaching, handling and fingering. Avoid concentrated exposure to extreme cold, heat, and wetness; avoid even moderate exposure to humidity, noise and vibrations; avoid all exposure to fumes, odors, dusts, gases; poor ventilation, and hazards.[2]

Tr. 820.

The ALJ recognized that Dr. Gillett is a treating physician, and summarized Dr. Gillett's opinion as stating that plaintiff could lift and carry less than 10 pounds, sit for less than six hours, and stand and walk for less than two hours. The ALJ also noted that Dr. Gillett opined that plaintiff had postural and environmental limitations. The ALJ then stated generally that "[t]hese opinions are inconsistent with the fact that [plaintiff] has sought minimal treatment for her physical impairments. They are inconsistent with the fact that she has engaged in several physical demanding activities such as taking dance lessons and providing care for her mother. Therefore, these opinions are given little weight." Tr. 28. The ALJ's global statement that "[Dr. Gillett's] opinions are inconsistent with the fact that she has sought minimal treatment for her physical impairments" makes it difficult for the Court to review the ALJ finding. Further, the ALJ did not explicitly set out the standard for assessing the opinion of treating physicians, and did not address relevant factors including the length of treatment relationship and frequency of examination, the nature and extent of the treatment relationship, including the treatment provided and the kind of examination or testing performed.

---

[2]   Dr. Gillett noted that with regard to the manipulative limitations, plaintiff's fingertips go numb. Tr. 820. With regard to environmental limitations, Dr. Gillett noted, "All these factors makes pt more confused, less concentrated on duties, + unable to perform at max abilities." Tr. 820.

Dr. Scott Nitzel

Plaintiff also asserts that the ALJ did not properly weigh the opinion of Dr. Scott Nitzel, M.D., who treated plaintiff from September of 2010 through November of 2011. The ALJ discussed and evaluated the Medical Source Statement which Dr. Nitzel completed on November 15, 2011. The ALJ summarized Dr. Nitzel's opinion as that plaintiff could sit for an entire eight workday and stand for four hours of an eight hour workday, and "lift 10 pounds occasionally and frequently."[3] Tr. 28. The ALJ found these opinions "fairly consistent" with the fact that claimant is able to engage in physical activity such as attending dance and acting classes and with the fact that she has not received a significant amount of treatment for her physical impairments. The ALJ did not address Dr. Nitzel's opinion that plaintiff's pain, fatigue and other symptoms would occasionally be severe enough to interfere with attention and concentration needed to require even simple work tasks. The ALJ also did not address Dr. Nitzel's opinion that plaintiff would miss about two days per month due to physical problems, or that plaintiff would need a job that permits changing positions at will.

The Court notes that the ALJ did not acknowledge Dr. Nitzel as a treating physician, although the Commissioner does so in her brief. See Brief Of Commissioner (Doc. #19) at 3. The ALJ's failure to even mention Dr. Nitzel's opinion regarding limitations of attention, concentration, attendance and need to change positions at will essentially means that the ALJ rejected a treating physician's opinion regarding these limitations without supplying "specific, legitimate reasons." See Darpeau v. Massanari, 255 F.3d 1211, 1213 (10th Cir. 2001).

The Commissioner asserts that the Court should "read the ALJ's discussion of Dr. Gillett's

---

³    Dr. Nitzel actually opined that plaintiff could "lift less than 10 pounds frequently" and "lift 10 pounds occasionally." Tr. 917, 927.

and Dr. Nitzel's opinions as part of the decision as a whole." <u>See</u> <u>Brief of Commissioner</u> (Doc. #19) at 4 (citing <u>Davis v. Erdmann</u>, 607 F.2d 917, 919 n.1 (10th Cir. 1979) (court will uphold decision of less than ideal clarity if agency's path may reasonably be discerned); <u>Endriss v. Astrue</u>, 506 F. App'x 772, 777 (10th Cir. 2012) (unpublished) (ALJ set forth summary of relevant objective medical evidence earlier in decision, not required to recite same evidence again in rejecting doctor's opinion)).  The Commissioner points out that earlier in her decision, the ALJ had discussed plaintiff's activities, including the fact that plaintiff had taken care of her ailing mother, was working 15 to 20 hours as a store clerk and took dance lessons.  The Court acknowledges that overall, the ALJ opinion refers to record evidence which would support a determination to give little weight to the opinions of Drs. Gillett and Nitzel.  As noted, however, the ALJ did not even mention Dr. Nitzel's opinion regarding plaintiff's limitations in attention and concentration, attendance and the need to change positions at will.  The Court therefore finds that it must remand the decision for proper consideration of the treating physician opinions.[4]

---

[4] The Court does not reach plaintiff's related argument that the ALJ did not provide an adequate narrative discussion of her RFC assessment pursuant to SSR 96-8p, and therefore committed reversible error by assessing an arbitrary RFC.

**IT IS THEREFORE ORDERED** that judgment shall be entered pursuant to the fourth sentence of 42 U.S.C § 405(g) **REVERSING** the Commissioner's decision and **REMANDING** for further proceedings in accordance with this memorandum and order.

Dated this 10th day of September, 2015, at Kansas City, Kansas.

s/ Kathryn H. Vratil
Kathryn H. Vratil
United States District Judge
